# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ADIEMELI, | ) | |
|     Plaintiff, | ) | Case No. 11-cv-3982 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| LORETTO HOSPITAL, | ) | |
|     Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia Adiemeli ("Adiemeli"), a registered nurse who was 55 years old at the time of the incidents alleged in her complaint, alleges that her former employer, defendant Loretto Hospital ("Loretto"), discharged her in retaliation for filing a workers' compensation claim and because of her age. Loretto moves for summary judgment arguing that Adiemeli presents no evidence of a causal relationship between her discharge and the exercise of her rights under the Illinois Workers' Compensation Act ("IWCA"). Loretto also argues that Adiemeli fails to present any direct or indirect evidence of age discrimination. For the following reasons Loretto's motion is granted in its entirety.

**Background**

The basic facts are undisputed. Adiemeli was hired as a registered nurse at Loretto Hospital in September 2009. Adiemeli began work in the Behavioral Health Unit of the hospital as a "flex employee." As a flex employee, Adiemeli worked whenever needed at a starting rate of $28.75 per hour. Her starting pay rate was determined by a grid system which takes into account an employee's years of experience and years licensed as a nurse.[1]

---

[1] Adiemeli denies that Loretto used such a grid system, but cites to no admissible evidence in support of her denial. The Northern District of Illinois Local Rule 56.1 requires that statements of facts contain allegations of material fact and that factual allegations be supported by admissible record evidence. *See* L.R. 56.1. Where a party offers "legal conclusion[s] or a statement of fact without offering proper evidentiary support, the Court will not consider that statement." *Goode v. Am. Airlines, Inc.*, 741 F. Supp. 2d 877, 881 (N.D. Ill. 2010). Additionally, "where a party improperly denies a statement of fact by failing to provide adequate or proper record support for the denial, the Court deems that statement of fact to be admitted." *Id.*, *see also* L.R. 56.1(a), 56.1(b)(3)(B). The requirements for a response under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 528 (7th Cir. 2000). Accordingly, Adiemeli's denials with no support from the record will not be considered by this Court.

1

Three months later, Adiemeli's status was changed from a flex employee to a full time employee. As a full time employee, Adiemeli was scheduled to work 40 hour weeks at the same hourly rate she received when she was a flex employee. Adiemeli also became eligible for benefits such as health insurance and participation in a retirement plan. Additionally, Loretto provides a series of sign-on bonuses for new employees. When flex employees become full-time employees, a hiring bonus of $2,000 is given in two installments: the first installment to be paid six months after the nurse becomes full time, and the second installment to be paid after the nurse has been employed full time for 12 months. Adiemeli received all benefits upon becoming a full time employee with the exception of the second installment of her bonus because she was terminated prior to her twelfth month of employment.

On August 8, 2010, Adiemeli suffered an on-job injury to her back. She was taken to Loretto's emergency room and the following day informed Loretto that, pursuant to her doctor's orders, she would not be able to come in to work between August 9 and August 23, 2010. Loretto's leave policy provides that to be eligible for Family/Medical Leave or any other type of leave, an employee must be employed by the hospital for at least 12 consecutive months.[2] Loretto terminated Adiemeli by letter on August 18, 2012 after learning that she was unable to return to work and was not eligible for Family/Medical Leave or any other type of leave under the hospital's policy. The letter stated that Adiemeli could reapply for employment after she was granted permission to work by her physician.

On June 10, 2011 Adiemeli filed a complaint alleging that Loretto terminated her in retaliation for filing a workers' compensation claim and because of her age. Loretto now moves for summary judgment on all Adiemeli's claims.

**Legal Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The initial burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether a genuine issue of material fact exists, all ambiguities must be resolved and all

---

[2] Again, Adiemeli disputes this fact, but provides no evidence in support of its denial. Accordingly, this Court will not consider her unsubstantiated denials with no support from the record.

inferences drawn in favor of the nonmoving party. *Abdullahi v. City of Madison*, 423, F.3d 763, 773 (7th Cir. 2005). However, once the movant has met this initial burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "must set forth specific facts showing that there is a genuine issue for trial" by affidavits or as otherwise provided for in Rule 56. Fed. R. Civ. P. 56(e).

**Discussion**

*1. Age Discrimination*

Adiemeli alleges that Loretto terminated her employment in violation of the Age Discrimination in Employment Act ("ADEA"). A party alleging discrimination under the ADEA may proceed under the direct or indirect method of proof and may rely on circumstantial evidence to meet his burden. *Teruggi v. CIT Group/Capital Fin., Inc.*, 709 F.3d 654, 659 (7th Cir. 2013). It is unclear whether Adiemeli relies on a direct method or indirect method of proof. Loretto argues that there are no genuine issues of material fact regardless of whether Adiemeli employs the direct or indirect method.

To survive summary judgment on its ADEA claim, Adiemeli must offer evidence from which an inference of discriminatory intent can be drawn, such as: "(1) suspicious timing; (2) ambiguous statements or behavior towards other employees in the protected group; (3) evidence, statistical or otherwise, that similarly situated employees outside of the protected group systematically receive better treatment; and (4) evidence that the employer offered a pretextual reason for an adverse employment action." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 603 (7th Cir. 2012)

To the extent that Adiemeli relies on the direct method of proof to demonstrate that Loretto terminated her employment in violation of the ADEA, Adiemeli fails to provide evidence of an admission by Loretto or a "convincing mosaic of circumstantial evidence" that points directly to a discriminatory reason for the employer's action. *Id.* at 604. Adiemeli cites to the employment of four other nurses and argues that these nurses were paid higher starting wages. Two of these nurses had been licensed six to eight years before Adiemeli and the other two, with less experience, were appropriately paid lower starting wages than Adiemeli. The evidence presented by Adiemeli fails to demonstrate that age was the but-for cause of her termination or disparities in pay wages.

To the extent that Adiemeli relies on the indirect method of proof, her arguments of age discrimination also fail. In order to establish a *prima facie* case of age discrimination under the indirect method, Adiemeli must prove that (1) she is a member of a protected class; (2) her performance met Loretto's legitimate expectations; (3) despite her performance, she was subject to an adverse employment action; and (4) Loretto treated similarly situated employees outside of her protected class more favorably." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 641 (7th Cir. 2008). For the reasons mentioned above, Adiemeli's reliance on the pay of four other nurses fails to demonstrate that others outside of her protected class were treated more favorably. In fact, her reference to other nurses supports Loretto's argument that its policy was to set starting wages based on a nurse's experience and years licensed.

Accordingly, Loretto's motion for summary judgment as to Adiemeli's age discrimination claim is granted.

2. *Retaliatory Discharge*

Loretto contends that summary judgment should be granted on Adiemeli's retaliatory discharge claim. To maintain a claim for retaliatory discharge under Illinois law, an employee must prove: "(1) his status as an employee of the defendant before injury; (2) his exercise of a right granted by the Workers' Compensation Act; and (3) a causal relationship between his discharge and the exercise of his right." *Gordon v. FedEx Freight, Inc.* 674 F.3d 769, 773 (7th Cir. 2012); *see also Grabs v. Safeway, Inc.*, 395 Ill. App. 3d 286, 291 (Ill. App. Ct. 1st Dist. 2009). Loretto does not dispute that Adiemeli was an employee before her injury and that she exercised a right guaranteed by the IWCA. Loretto's contention is that Adiemeli cannot establish that a causal relationship exists between her exercise of this right and her termination.

In order to determine causation, "the ultimate issue to be decided is the employer's motive in discharging the employee." *Beatty v. Olin Corp.*, 693 F.3d 750, 753 (7th Cir. 2012). The element of causation is not met if the employer has a valid basis, which is not pretextual, for discharging the employee. *Dotson v. BRP US Inc.*, 520 F.3d 703, 707 (7th Cir. 2008). Moreover, Illinois law "does not require an employer to retain an at-will employee who is medically unable to perform the job. Nor is the employer obliged to reassign the employee to another position rather than terminate the employee." *Id*. The burden is on the employee to demonstrate that the termination was motivated by an unlawful intent to retaliate against him for exercising a statutory right to workers' compensation benefits. *Id*.

4

To support its motion for summary judgment, Loretto points to its leave policy which clearly provides that as a threshold requirement, employees must be employed for at least 12 consecutive months before becoming eligible for any Family/Medical Leave or other types of leave. Adiemeli appears to argue that the hospital's policy permitted managers to approve her for personal leave at their discretion. After becoming eligible for leave, Loretto's policy details circumstances in which managers may grant or deny personal leave requests. Since Adiemeli did not work for Loretto for the threshold requirement of 12 months, and thus did not qualify for any type of leave, here the discretion of managers to grant or deny personal leave is of no import. Adiemeli denies that it was the hospital's policy to terminate employees ineligible for Family/Medical Leave and other types of leave, but provides no evidence upon which an issue of fact may be founded. Although all facts are construed in favor of the non-movant for purposes of a motion for summary judgment, "argument [alone] is insufficient to avoid summary judgment; the nonmoving party needs to come forward with evidence." *Beatty*, 693 F.3d at 754. Outside of Adiemeli's general denials and arguments that Loretto's policy allowed for managers to exercise some discretion in denying personal leave, Adiemeli presents absolutely no evidence in support of her argument that she was somehow eligible for leave or that Loretto terminated her employment because she filed a workers' compensation claim. In fact, Adiemeli was not eligible for leave because she was not employed for the requisite 12 months and there is a legitimate reason for her termination based on the terms of Loretto's policy.

Accordingly, Loretto's motion for summary judgment as to Adiemeli's retaliatory discharge claim is granted.

**Conclusion**

For the foregoing reasons, Loretto's motion for summary judgment is granted in its entirety. The case is dismissed.

IT IS SO ORDERED.

Date: May 16, 2013

_____
Sharon Johnson Coleman
United States District Judge